304 So.2d 228

**James Ralph BADGETT et al.**

v.

**Linda Carol McDONALD.**

**Civ. 382.**

Court of Civil Appeals of Alabama.

Dec. 4, 1974.

Paden & Green, Bessemer, for appellee.

Huie, Fernambucq, Stewart & Smith, Birmingham, Brobston & Brobston, Bessemer, for appellants.

HOLMES, Judge.

This is an appeal by the defendant below from a $7,500 judgment of the trial court, sitting without a jury, in favor of the plaintiff.

The suit as ultimately received by the trial court was for personal injuries allegedly suffered by the plaintiff-appellee as a result of an automobile accident. Plaintiff's complaint consisted of two counts, a negligence count and a count based on wanton misconduct. The amount claimed as damages in both counts was $10,000. After a hearing was held *ore tenus* the trial court entered a general judgment in the amount of $7,500.

The only issue presented by the appellants' assignments of error is whether the judgment rendered by the trial court is excessive. The appellant, through able coun-

sel, contends that it is and a remittitur should be ordered by this court.

The pertinent facts which are virtually undisputed reveal that defendant-appellant, while driving his truck (a Mack tractor-trailer) in excess of the speed limit, went through a red light and collided with several vehicles at an intersection. The plaintiff's vehicle was one of those struck by the defendant. Additionally, the evidence showed that defendant's truck was overloaded by 22,000 pounds (axle weight). The evidence reveals that plaintiff received a scalp wound and scratches and cuts on her arms and leg. Her medical expenses consisted of a $24 hospital bill and physician's charge of $23. She lost no time from her work other than the afternoon of the accident. Plaintiff appears to have no residual injury and, in fact, only visited the doctor on the day of the accident.

Put another way, the special damages were $47, leaving $7,453 of the damages referable to pain and suffering and punitive damages under the wanton count.

It is clear to this court and we are of the opinion that it would be clear to all that the vast majority of the amount of the judgment, in this instance, is referable to the wanton count. The minutes on the motion for new trial reflect this as shown by the following:

"The Court is of the opinion that the aggravated wantonness of the defendant driver justifies the verdict rendered in the. amount of $7,500.00; the Motion for a new trial is, therefore, overruled."

■ The law in Alabama is that punitive damages may be asserted for wanton conduct. Marigold Coal, Inc. v. Thames, 274 Ala. 421, 149 So.2d 276. Furthermore, the assessment of punitive damages should be made with a view to punish the defendant and to warn and deter others from similar conduct. Comer v. Age-Herald Pub. Co., 151 Ala. 613, 44 So. 673. Additionally, the amount of such damages is a matter within the discretion of the trier of facts. See Williams v. Clark, 50 Ala.App. 352, 279 So.2d 523, cert. den., 291 Ala. 803, 279 So.2d 526. Such discretion can be abused and a court of review can reduce excessive punitive damages. B. F. Goodrich Tire Co. v. Lyster, 5 Cir., 328 F.2d 411. However, as our late distinguished Chief Justice Livingston stated in Foster v. Floyd, 276 Ala. 428, 163 So.2d 213, the excessiveness of damages is simply a question of whether or not the judicial conscience is quickened by the verdict.

With the above in mind, this court cannot reverse the trial court for reason of the excessiveness of the judgment.

As noted earlier, the defendant was clearly guilty of wanton conduct. In an overloaded large trailer-truck the defendant "ran" a red light while traveling in excess of the speed limit and collided with several vehicles at a busy intersection. From the testimony and the photographs of the accident which were introduced into evidence, it appears that only divine providence prevented the appellee from being severely injured. To say the least, others should be deterred or at least discouraged from similar conduct on public ways.

Our supreme court, in Foster v. Floyd, *supra*, a case involving an automobile accident and a wanton count, held that a verdict of $3,500 where there was only $72 of special damages did not require reversal for reason of excessiveness of damages. We take note that the *Floyd* case was decided in 1964, some ten years prior to the instant appeal. See also Trahan v. Cook, 288 Ala. 704, 265 So.2d 125, wherein our supreme court, under a wanton count, allowed a verdict of $15,000 with proved special damages of some $162.50 to stand.

■ As our distinguished Mr. Justice Harwood stated in Trahan v. Cook, *supra*:

"Damages that may be awarded as punitive damages are in a large measure discretionary, within reasonable bounds, and unless the amount awarded is so excessive, or so inadequate as to indicate

prejudice or passion, the rule is not to reverse. . . ." (288 Ala. at 710, 265 So.2d at 130)

We find no such prejudice or passion.

 Summarizing, count two is a wanton count. The verdict was a general verdict. The judgment is therefore, referable to the wanton count, under which punitive damages may be assessed. Punitive damages need bear no mathematical relationship to actual damages unless so great as to shock the judicial conscience. See Pinckard v. Dunnavant, 281 Ala. 533, 206 So.2d 340. And while the trial judge's conclusion as to the amount of damages may not necessarily be the same as this court, under the facts of the case, our judicial conscience is not so shocked as to require reversal.

Having considered all the argued assignments of error, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.