This is an appeal, or in the alternative a petition for writ of mandamus, to review an order entered by the Circuit Court of Jefferson County denying Shearn Moody's motion for permission to file a complaint in the United States District Court for the Northern District of Texas. We deny the writ.
An excellent history of this controversy is reported in Moodyv. State ex rel. Payne, 295 Ala. 299, 329 So.2d 73 (1976). There we quoted, and upheld, the circuit court's order and injunction of 6 January 1975; the crux of this appeal. That order enjoined Moody, and others, from filing any lawsuit, complaint, legal claim, or amendment thereto, which related to the receivership of Empire Life Insurance Company of America without the prior approval of the circuit court. Only a chronological summary of the events after the issuance of the 6 January 1975 injunction is needed for an understanding of this opinion.
On 23 June 1975, Moody requested permission from the circuit court to file an amended counterclaim in a civil action then pending in the United States District Court for the Northern District of Texas. Permission was granted 7 July 1975, however, Moody was denied leave to amend his counterclaim by the United States District Court. Thereafter, on 19 May 1976, Moody moved the circuit court for permission to institute a new suit in the United States District Court based upon the same claims asserted in the amended counterclaim. Moody's motion was denied without prejudice by the circuit court on 19 August 1976.
On 28 September 1976, Moody filed a pleading in the circuit court entitled "Motion for Permission to File Complaint," which renewed his request to file an independent action in the federal district court. The proposed complaint attached to that motion asserted a claim based on a violation of the Sherman and Clayton Anti-Trust Acts against the State of Texas, John G. Bookout, Alan W. Horne, Clay Cotten, and A. Gene Sykes. The circuit court, on 29 November 1976, denied that motion. Moody appeals and in the alternative prays for the writ of mandamus; both designed to review the propriety of the order denying his motion to file his action in the federal district court in Texas.
The order denying Moody's motion is not an appealable one for the same reasons the order in Moody v. State ex rel. Payne, Ala., 351 So.2d 547, released contemporaneously with this opinion, is not. Mandamus is the proper method of review of the order since Moody seeks to compel the trial judge to permit him to file the Texas federal court action. The order falls within that category which are interlocutory in nature and as to which an adequate remedy is not available on appeal; e.g., denying a motion to strike a demand for jury trial. See Whitman v.Mashburn, 286 Ala. 209, 238 So.2d 709 (1970).
Moody says the issue presented for review is whether an Alabama court may enjoin a party from instituting an action in a federal court asserting a claim under a federal statute. We would state it as whether: under the circumstances of this case; under the Constitutions of the United States and Alabama; and the federal and Alabama law, the trial court had the authority to prohibit Moody from filing a complaint in federal court?
For an overview of other aspects of the liquidation proceedings involving Empire Life Insurance Company see Moodyv. State ex rel. Payne, 344 So.2d 160 (Ala. 1977), and Ex parteMoody, Ala., 351 So.2d 538 (19 Aug. 1977).
Moody says that under the state and federal constitutions he has an unfettered right to file suit in federal court because his claim was based upon violation of the federal anti-trust laws. He says his right cannot *Page 554 
be abrogated by a state court and cites Donovan v. Dallas,377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), in support.Donovan was the subject of much discussion in Moody v. State exrel. Payne, supra, wherein we recognized as the law, the proposition that state courts are completely without power to restrain a federal court from proceeding with an in personam
action. Moody argues that Donovan supports his position because the proposed action which he sought permission to file is a claim for money damages under the anti-trust laws; therefore, purely in personam in nature. Moody says further that the receiver and the receivership estate are not involved. We disagree.
In Moody, we also quoted the exception to the rule as stated in Justice Black's opinion in Donovan:
 "* * * An exception has been made in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. In such cases this Court had said that the state or federal court having custody of such property has exclusive jurisdiction to proceed. * * *" 295 Ala. 299, 307, 329 So.2d 73, 79-80.
We unequivocally held in Moody that the Empire receivership was an in rem or quasi in rem proceeding and the injunction of 6 January 1975 was a proper exercise of the circuit court's power. We adhere to that holding.
Hence, the sub-issue raised is whether Moody's proposed claim to be filed in federal court involved the Empire receivership proceeding. Again we answer in the affirmative. Our conclusion is drawn from a careful reading of Moody's proposed complaint. It names as defendants John G. Bookout, who was the receiver of Empire in Alabama until he was succeeded by Charles H. Payne; Alan W. Horne, former insurance commissioner of Arkansas; Clay Cotten, the insurance commissioner of Texas; and A. Gene Sykes, present insurance commissioner of Arkansas. The State of Texas was named as defendant to the extent its former Attorney General Martin, Clay Cotten, and other agents of the state were acting within the scope of their authority. All of the alleged defendants were named in the 6 January 1975 injunction either personally or in a capacity related to the Empire receivership.
Although Moody's proposed complaint alleges the action arises under the federal anti-trust laws, the complaint centers around an alleged conspiracy of the named defendants. Paragraph four of the complaint states:
 "4. Defendants State of Texas, Bookout, Horne, Cotten, and Sykes have entered into one or more illegal plans, compacts and conspiracies and courses of conduct between and among themselves and one or more of the following persons: Crawford Martin, Attorney General of the State of Texas, Charles E. (Buster) Hunter, former Deputy Insurance Commissioner of the State of Alabama, Richard Marcus Goode an insurance company broker, Stuart Hopps, an insurance company broker, and other unnamed defendants presently unknown to Moody, secretly and illegally, to use the powers of their respective public offices, in abuse and in excess of their authority, to wrest and to separate control of the management of the affairs of Empire from Moody; to interfere with Moody's relationship with Empire as controlling stockholder, Chairman of the Board and President of Empire; to prohibit Moody from conducting business through Empire; to place Empire into receivership; prevent its rehabilitation; force its reinsurance and to suppress, eliminate and destroy Moody in the insurance business and Empire as a viable entity competing in the insurance business in Alabama, Texas, Arkansas and elsewhere all for Defendants own personal and political purposes and profits. Alternatively, the above-mentioned acts and practices in restraint of trade and for the purpose of interfering with business relationships of Moody were engaged in by the above-named Defendants, individually and said defendants were aided and abetted in such acts and practices by other named Defendants and *Page 555 
additional parties not named as Defendants. The illegal plans and actions of Defendants were not discovered by Moody until after June, 1974. The above-mentioned acts of the named Insurance Commissioners were conducted under color of their office as Insurance Commissioners but known by said Defendants to be illegal and outside the scope of the authority granted by their office and were undertaken intentionally, knowingly and willfully, without substantial justification and with intent to interfere with the business relationship between Empire and Moody and with intent to force Moody and Empire out of the insurance business in Defendants' states."
Paragraph five of the complaint concerns an important aspect of any receivership proceeding — valuation of an asset. It reads:
 "5. The background of the above-described conspiracy and actions of Defendants is as follows: From 1964 to 1968, Empire, with its principal asset as 2/5 of the 1/8 life estate interest in the Libbie Shearn Moody Trust, acquired and merged or reinsured into it the following companies in states outside of Alabama: Consolidated American Life Insurance Co., Chicago, Illinois (1964), Empire Life Insurance Company of America, Little Rock, Arkansas (1965), National Empire Life Insurance Co., Dallas (1968), American Trust Life Insurance Co., Wichita Falls, Texas (1968), Capital Security Life Insurance Co., Springfield, Illinois (1968), and Centennial Reserve Life Insurance Co., Great Falls, Montana (1968). Pursuant to an examination conducted by the Insurance Departments of the States of Texas, Arkansas and Alabama, as of December 31, 1965, the Moody Trust interest valuation of $14,213,440 had been expressly approved by the Insurance Commissioners of Arkansas, Texas and Alabama. In the majority of the mergers and reinsurances engaged in by Empire in 1964 through 1968, this trust interest valuation again was expressly approved and ratified by the Insurance Commissioners of the States of Arkansas, Texas and Alabama. For example, in 1968, Empire reinsured American Trust Life Insurance Company and this reinsurance was approved by Defendant Cotten in 1968 after a hearing in which Cotten found that Empire was in fact solvent, which finding was predicated upon the aforementioned $14,213,440 valuation."
Considering the proposed complaint, and the parties sought to be impleaded as defendants, there is no question the action inextricably involves the Empire receivership.
Viewed as a whole, the picture is clear that the proposed action was nothing more than another ploy of Moody's to interfere with, delay and eventually stop the Empire receivership proceeding. As such, the proposed action falls within the operative ambit of the 6 January 1975 injunction; thus the circuit court's order denying Moody's request cannot be considered erroneous or an abuse of discretion.
For the reasons stated herein, we uphold the circuit court's order denying Moody's request to file an independent action in federal court.
WRIT DENIED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.