The plaintiff brought suit against defendant for conversion of two trailers. A jury returned a verdict in favor of plaintiff and assessed his damages at $5,000. A judgment was entered accordingly and it is from this judgment that the defendant appeals.
The defendant has raised several issues on appeal. This court determines that the dispositive issues are as follows: 1. Is a judgment in favor of U-Haul of Southern Alabama, Inc., supported by the evidence? 2. Is the verdict and judgment in general supported by the evidence? 3. Did the trial court err to reversal in admitting a bill of sale into evidence? 4. Is the amount of damages excessive? We answer the first two issues in the affirmative and the last two in the negative and affirm.
For the sake of clarity, we will refer to the pertinent evidence as it relates to the issue presented.
 I
Appellant contends there is a fatal variance between the allegations of ownership of the trailers in the complaint and the proof elicited at trial. Specifically, in the complaint, "U-Haul of Southern Alabama, Inc." claimed that the appellant converted two of its trailers. However, the evidence at trial revealed that the trailers described in the complaint were the property of "U-Haul Systems."
Where there is a variance between the plea, i.e., complaint, and the evidence directed to such plea, the variance is deemed as waived where there was no special objection to the evidence pointing out any variance and the variance was one which was correctable by amendment. See McDuffie v. Hooper, 294 Ala. 293,315 So.2d 573 (1975); Clikas v. Steele, 287 Ala. 270,251 So.2d 575 (1971).
In the present case, no objection was made at trial or in a post-trial motion raising the variance between the complaint and the proof. This absence of objection in itself precludes this court from reviewing any variance since it is raised for the first time on appeal. In any event, the variance in this case, as noted above, is not one which could be deemed fatal in that the variance was one which was correctable by amendment. See Rule 15, ARCP.
 II
In order to recover for conversion, the plaintiff must show legal title to the property at the time of the conversion and his immediate right of possession. See Wells v. Central Bank ofAlabama, N.A., Ala.Civ.App., 347 So.2d 114 (1977); Thompson v.Ford Motor Credit Co., 550 F.2d 256 (5th Cir. 1977). Furthermore, it must appear that there has been a wrongful taking or detention; or illegal assumption of ownership or illegal user or misuser by the defendant. See Mobile ParkingStations, Inc. v. Lawson, 53 Ala. App. 181, 298 So.2d 266
(1974).
Appellant contends the evidence does not support a judgment in favor of the plaintiff. Such is not the case.
Suffice it to say, the evidence and testimony presented on behalf of the plaintiff revealed that title and immediate right of possession was vested in the plaintiff. The record reveals that the plaintiff was the original owner of the two trailers. Records of all sales of trailers were kept at the local office and at the home office in Phoenix, Arizona. No record of the sale of either trailer was found at either office. The appellant was also unable to produce a bill of sale for either trailer. Furthermore, the evidence revealed that the plaintiff had never sold one type of trailer, i.e., apartment van, that was in the possession of appellant.
The record further indicates that whenever plaintiff sold a trailer, the words, "Not the property of U-Haul," were stamped on the tongue along with a "W" being welded *Page 667 
on the tongue. The two trailers in issue had neither of these on them.
Evidence was also presented, by way of a bill of sale signed by the appellant, which showed that appellant converted these trailers to his own use by virtue of him selling them. In view of the above, clearly the evidence supports a finding that the plaintiff had legal title and immediate right of possession to the trailers and that the appellant illegally assumed ownership over them.
 III
The appellant further contends the trial court erred to reversal in admitting a copy of a bill of sale into evidence in violation of the best evidence rule.
The law in Alabama is settled in that if a party, while testifying as a witness, admits that a writing then exhibited to him is a correct copy of the original writing, the copy is admissible against him although no excuse is shown for nonproduction of the original. See Kessler v. Peck, 266 Ala. 669, 98 So.2d 606 (1957). Put another way, a party's formal admission in open court that a document then before the court is a correct copy of the original, obviates any necessity for production of the original. See McElroy's Alabama Evidence 3d Ed. § 227.02.
In consideration of the above, the following exchange clearly shows that the trial court did not err in admitting the bill of sale into evidence.
"THE COURT:
. . . . .
"Mr. Johnson, do you recognize that instrument?
"A Yes, sir.
"THE COURT:
 "Do you feel like it's the instrument that may have been made by you?
"A Yes, it was made by me.
"THE COURT:
"Is that your signature?
"A Yes, sir.
"THE COURT:
"And what is that?
 "A It's a bill of sale for a trailer — utility trailer.
"MR. TONSMEIRE:
"I introduce it in evidence.
"MR. LACEY:
 "And I would renew my motion to exclude it. That's not the best evidence. It's not the original.
"THE COURT:
 "Does that appear to you to be an exact copy of the instrument you made — the bill of sale?
"A Yes, sir, it could be."
 IV
Lastly, appellant alleges the damages awarded plaintiff are excessive. The law in Alabama concerning damages for detention or loss of use of property sets the standard for recovery as the property's rental value if such was known. See WhiteRoofing Co. v. Wheeler, 39 Ala. App. 662, 106 So.2d 658, cert.denied 268 Ala. 695, 106 So.2d 665 (1958).
In this case, the jury awarded damages at $5,000. The evidence reveals that one trailer had been converted for approximately one year while the other was for approximately six months. It was admitted that $8 to $10 a day was a reasonable rental value for the trailers.
In view of the above and the fact that the amount of punitive damages is a matter within the discretion of the trier of facts, Badgett v. McDonald, 53 Ala. App. 726, 304 So.2d 228
(1974), we cannot say that the award of damages in this case is excessive so as to require reversal.
The above being dispositive of the issues in this case, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 668