620 F.2d 548
 H. H. SUMRALL, Jr., Commissioner of Insurance of the State
of Alabama, as Receiver for Empire Life Insurance
Company of America, Plaintiff-Appellee,
v.
Shearn MOODY, Jr., Defendant-Appellant.
PROTECTIVE LIFE INSURANCE COMPANY, a corporation, Plaintiff-Appellee,
v.
Shearn MOODY, Jr., Defendant-Appellant.
 No. 79-1034.
 United States Court of Appeals,
Fifth Circuit.
 July 3, 1980.
 
 William H. Mills, Birmingham, Ala., for defendant-appellant.
 William A. Robinson, Birmingham, Ala., for Protective Life Ins. Co.
 James W. Webb, Montgomery, Ala., for H. H. Sumrall, Jr.
 Appeal from the United States District Court for the Southern District of Texas.
 Before BROWN, HENDERSON and SAM D. JOHNSON, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 Shearn Moody appeals from final judgments entered in favor of Protective Life Insurance Company and the Receiver of Empire Life Insurance Company of America. The actions were brought by Protective and the Empire Receiver in federal district court to enforce Alabama damage judgments rendered against Moody. 28 U.S.C.A. § 1738. We affirm.
 
 
 2
 Empire was placed in receivership by an Alabama state court. Moody intervened and was subsequently permanently enjoined from any legal interference relating to the receivership proceeding. State ex rel. Bookout v. Empire Life Ins. Co., No. 171-687 (Ala.Cir.Ct. Jan. 6, 1975). When Moody participated in the filing of an amended complaint in Allmon v. Bookout, No. 74-377N (M.D.Ala. Nov. 28, 1974) (amended complaint filed), decided, (M.D.Ala. April 24, 1975), cause vacated, dismissed, and remanded, No. 75-2104 (5th Cir. Nov. 18, 1975), cause dismissed, (M.D.Ala. June 28, 1976), the Alabama state court, after an evidentiary hearing, held Moody in contempt. State ex rel. Bookout v. Empire Life Ins. Co., No. 171-687 (Ala.Cir.Ct. April 30, 1975). Over Moody's vigorous challenges on the grounds of lack of personal service, in personam jurisdiction, subject matter jurisdiction, and a proper basis for damage assessment in a "civil action," the Alabama court awarded damages in favor of appellees, State ex rel. Bookout v. Empire Life Ins. Co., No. 171-6878 (Ala.Cir.Ct. Oct. 19, 1976, Nov. 16, 1976), which were substantially affirmed on appeal. Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.), cert. denied, Moody v. Alabama ex rel. Payne, 439 U.S. 910, 99 S.Ct. 279, 58 L.Ed.2d 256 (1978).
 
 
 3
 Protective and the Empire Receiver then filed diversity actions in federal district court to enforce the damage awards. 28 U.S.C.A. § 1738. The District Court, again over Moody's caustic attack, granted the motions for summary judgment against him, enforcing the Alabama judgment awards. Payne v. Moody, No. G-78-69 (S.D.Tex. Nov. 15, 1978); Protective Life Insurance v. Moody, No. G-78-70 (S.D.Tex. Nov. 15, 1978).
 
 
 4
 Moody appeals, protesting several errors: the judgments (1) were rendered without adequate notice to Moody so violated due process, (2) denied his right to seek relief in federal courts in violation of the federal supremacy clause, (3) violated due process since the contempt damage claims were not filed until after contempt liability was determined, (4) were penal in nature so not entitled to full faith and credit, (5) were not civil actions properly within the diversity jurisdiction of a federal district court so not entitled to full faith and credit, and (6) violated his Fifth Amendment privilege against self-incrimination since criminal contempt proceedings were pending against him. None of these claims withstands analysis.
 
 
 5
 Moody's due process claim of notice and jurisdiction over his person is easily discarded. The Supreme Court of Alabama in Lightsey v. Kensington Mortgage & Finance Corp., 294 Ala. 281, 315 So.2d 431 (1975), made clear that at a violation of a valid restraining order, contempt damages may be rendered in an action ancillary to but still very much part of the main proceeding. Here, the main proceeding, replete with sufficient proof of in personam jurisdiction over Moody, is the receivership proceeding. Moody may have been cagey in his initial participation or lack of participation at one or more of the contempt citations. Yet the evidence is abundant that Moody was informed of the contempt action constituting a part of the main receivership case in which he voluntarily entered the fray and became an inexhaustible combatant. The Alabama courts so held and we agree.
 
 
 6
 Moody also contests the denial of his right to seek relief in the federal courts. He claims this violates Donovan v. Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), followed in General Atomic Co. v. Felter, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In Donovan, the Court refused to permit a state court to punish a federal court litigant for pursuing his remedies in an in personam action. However, the Court specifically recognized the traditional exception to this rule for proceedings in rem or quasi in rem. The Court explained that for proceedings in rem or quasi in rem the state or federal court has custody of the jurisdiction-related property and retains exclusive jurisdiction over it. Donovan v. Dallas, 377 U.S. at 412, 84 S.Ct. at 1582, 12 L.Ed.2d at 413. Neither General Atomic Co. v. Felter, supra, nor Hanson v. Denckla, supra, is to the contrary. In this case, the state court restrained Moody from, and assessed damages for, his action which did and would interfere with the receivership proceeding. It cannot be disputed that a receivership action is one in rem or quasi in rem. The Allmon case had it succeeded, would have impeded, if not thwarted, the entire receivership proceeding. Moody's conduct in the Allmon case attacked the very validity of the receivership, jurisdiction over which, under Donovan, rested safely and exclusively in the Alabama state courts.
 
 
 7
 Finally, particularly with regard to his remaining contentions, Moody is no stranger to the Courts. Judges have heard and considered his arguments over and again. Lawsuits which he has instigated have resulted in at least thirteen reported appellate opinions[1] and seven petitions for certiorari.[2] Indeed, by our computations, Moody's "case law" has been rendered and reviewed by no less than thirty-two members of the judiciary, not counting all nine Supreme Court Justices on petitions for both certiorari and rehearing. Here, we need only add our agreement with the Courts before us. Moody's protests before this Court, like their predecessors, are totally without merit.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.1978); Moody v. State ex rel. Payne, 351 So.2d 552 (Ala.1977); Moody v. State ex rel. Payne, 351 So.2d 547 (Ala.1977); Ex parte Moody, 351 So.2d 538 (Ala.1977); Moody v. State ex rel. Payne, 344 So.2d 160 (1977); Moody v. State ex rel. Payne, 295 Ala. 299, 329 So.2d 73 (1976); Moody v. Texas, 538 S.W.2d 158 (Tex.Civ.App.1976, writ ref'd n. r. e. 1977); Moody v. Moody Nat'l Bank, 522 S.W.2d 710 (Tex.Civ.App.1975, n. r. e.); Moody v. Crook, 520 S.W.2d 958 (Tex.Civ.App.1975); Moody v. State, 520 S.W.2d 452 (Tex.Civ.App.1975); Moody v. Jones, 519 S.W.2d 536 (Tex.Civ.App.1975); Empire Life Ins. Co. v. State, 492 S.W.2d 366 (Tex.Civ.App.1973); Day v. State, 489 S.W.2d 368 (Tex.Civ.App.1972, n. r. e.)
 
 
 [2]
 Ex parte Shearn Moody, cert. denied, 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97, rehearing denied, 434 U.S. 976, 98 S.Ct. 537, 54 L.Ed.2d 469 (1977); Moody v. Texas, 539 S.W.2d 354 (Tex.Civ.App.1976), cert. denied, 434 U.S. 985, 98 S.Ct. 612, 54 L.Ed.2d 479 (1977)rehearing denied, 434 U.S. 1042, 98 S.Ct. 786, 54 L.Ed.2d 793 (1978); Moody v. Payne, cert. denied, 434 U.S. 996, 98 S.Ct. 634, 54 L.Ed.2d 490 (1977), rehearing denied, 434 U.S. 1089, 98 S.Ct. 1288, 55 L.Ed.2d 796 (1978); Moody v. Texas, 538 S.W.2d 158 (Tex.Civ.App.1976), cert. denied, 434 U.S. 1068, 98 S.Ct. 1248, 55 L.Ed.2d 770 (1978); Moody v. Alabama ex rel. Payne, 351 So.2d 552 (Ala.1977), cert. denied, 435 U.S. 969, 98 S.Ct. 1609, 56 L.Ed.2d 60 (1978); Ex parte Shearn Moody, 351 So.2d 538 (Ala.1977), cert. denied, 435 U.S. 969, 98 S.Ct. 1607, 56 L.Ed.2d 60 (1978); Moody v. Alabama ex rel. Payne, 355 So.2d 1116 (Ala.), cert. denied, 439 U.S. 910, 99 S.Ct. 279, 58 L.Ed.2d 256 (1978)