EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an indirect civil contempt case.
This prolonged litigation was ably summarized as follows by the very patient trial court in a March 29, 1984 judgment.
“IT APPEARS TO THE COURT that on October 8, 1982, a final judgment was entered in this cause by the terms of which the defendant Rainbow Apartments Company was ordered to initiate construction of an easement road extending from Airport Road to the apartment property site having a minimum 8" base, with 20' wide tar and gravel covering and shoulders 5' in width in each side of the covering; that on March 29, 1983, this Court entered an Order finding the defendant Rainbow Apartments Company in contempt of this Court for failure to pave the easement road in compliance with the order of October 8, 1982; ordering that the defendant Rainbow Apartments Company could purge itself of its contempt by completion of the paving of the easement road on or before April 30, *581 1983; and ordering that if the pavement of the easement road was not completed on or before April 30, 1983, that the defendant Rainbow Apartments Company would be assessed a fine and penalty for its contempt in the sum of $100.00 per day for each day after April 30, 1983, that the road continued not to be completed. That said order of March 29, 1983, was based upon the agreement of all parties made in open Court. In said Order the Court recognized that weather could be a factor in completing the roadway but gave sufficient time from March 29, 1983, through April 30, 1983, to complete said roadway by the defendant Rainbow Apartments Company.
“IT FURTHER APPEARS TO THE COURT that there were numerous pleadings filed thereafter in this cause concerning non-completion of the roadway. That on November 3, 1983, this Court entered an Order directing that the Rainbow Apartments Company should construct said roadway with a 20' wide tar and gravel hard covering, with shoulders 5' in width on each side of the covering, all within 60 days from November 3, 1983, and on failure to do so, that this Court would at that time assess the fine and punishment for said contempt as ordered by the Court on March 29, 1983; that in the event the roadway was properly constructed in accordance with the Order of this Court of November 3,1983, then the Court would not assess the fine and penalty as set out in the Court’s Order of March 29, 1983.
“IT FURTHER APPEARS TO THE COURT that as of this date and since the order of November 3, 1983, the defendant Rainbow Apartments Company has failed and refused to construct said roadway in accordance with the Order of this Court of November 3, 1983, and is still in contempt of this Court for failure to do so.
“The Court heard the argument of the attorney for the defendant, and giving the benefit of doubt to the defendant, considering the weather factor as related by the attorney for the defendant, and also considering the claimed misunderstanding by the defendant of the Court’s previous Order, the Court is willing to assess damages as previously ordered by this Court from November 3, 1983, rather than from April 30,1983 as previously ordered by the Court. Upon consideration thereof, it is, therefore,
“ORDERED, ADJUDGED AND DECREED by the Court that the defendant Rainbow Apartments Company is hereby found and held to be in continued contempt of this Court for failure to pave the easement road in accordance with the Order of this Court of October 8, 1982, March 29,1983, and November 3,1983.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiffs have and recover judgment of the defendant Rainbow Apartments Company of $100.00 per day from November 3, 1983, to March 26, 1984, for a total of 144 days, with a total judgment as of March 26, 1984, of $14,400.00 all in accordance with the Orders of this Court of March 29,1983 and November 3,1983, together with damages of $100.00 per day from March 26, 1984, until completion of said easement roadway as ordered by this court on November 3,1983.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendant is to complete said roadway in accordance with the Order of this Court of November 3, 1983, within 40 days from the date of this Judgment and Order. In the event the defendant does so construct and complete said roadway in accordance with the Order of this Court of November 3, 1983, within said 40 days from the date of this decree, then, on motion of the defendant, the Court will consider, for good cause, relieving the defendant of a portion of said fine and penalty which has been awarded in this cause.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that execution on the above Judgment be and the same hereby is stayed pending the 40 days given the defendant Rainbow *582 Apartments Company to complete said roadway.”
On May 25, 1984 Rainbow Apartments Company (the company) filed its motion requesting relief from that March 29, 1984 judgment. It was there alleged that the company had completed the ordered paving and that relief from that judgment should be granted because previous delays which the company had experienced in its completion of the paving resulted from weather factors which were beyond the company’s control and from a good faith misunderstanding by the company concerning the specific type of roadway surfacing which was required of it by prior orders in the case. After another ore tenus evidentiary hearing, a judgment was entered which relieved the company from all portions of the fine and penalty which had been awarded by the March 29, 1984 judgment except that the two law firms that had represented the prevailing prosecuting parties in all of the civil contempt proceedings were awarded against the company a total of $2,130 in attorneys’ fees for their services in those proceedings.
The company argues as its only issue in this appeal that it could not be in contempt for refusing to carry out the many orders of the trial court since the company was not able to perform because it had no legal right or title to connect an access road to the apartment property. We have much difficulty in comprehending an argument of impossibility of performance since performance was had, but, because there was no argument to that point, we pretermit further discussion of it and respond to argued matters.
The company never mentioned in any of its pleadings any impediment to its performance due to lack of an easement. However, there was evidence upon that issue and it conflicted. A partner and general manager of the company testified at the last hearing that the construction of the ordered roadway constituted a trespass and he stated that the company had no legal right or title whatsoever to a right-of-way for the road. That same witness had previously testified that whoever owned Rainbow Apartments, the company in this instance, would have the use of a written easement which ran with the land and that there was no dispute with any adjoining landowner over that thirty-foot easement. One of the partners in the company had previously given his evidence that the company had a thirty-foot easement. The city engineer swore that he surveyed the thirty-foot roadway in question before the company began this project and that no landowner and no record then indicated any dispute as to the title to the thirty-foot easement.
It was a question of fact as to whether the company was incapable of performing as ordered because of a lack of a right-of-way and, by implication, the trial court determined the issue against the company. By its latest judgment, the trial court did not set aside any contempt adjudication but only relieved the company from all fines and penalties for the contempts except for the attorneys’ fees then imposed. The ore tenus rule here applies. The trial court sat as the trier of the facts and its findings are presumed to be correct and will be disturbed on appeal only if palpably wrong, unsupported by the evidence, or manifestly unjust. Johnson v. Jagermoore-Estes Properties, 456 So.2d 1072 (Ala.1984). The evidence was in conflict and there was evidence which supported the judgment, which was neither clearly wrong nor manifestly unjust. We note that a reasonable attorney’s fee may be allowed to the prevailing prosecuting party in the sound discretion of the trial court under proper circumstances in civil contempt proceedings. Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.1978). This was a prime case for the award of such attorney’s fees. We affirm.
Damages and double costs as are authorized by Rule 38 of the Alabama Rules of Appellate Procedure are denied to the ap-pellees.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty *583 status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.