SHORES, Justice.
The only issue presented in this appeal is whether the trial court erred in directing a verdict for the defendants on the plaintiffs wantonness claim.
Roosevelt Bussey brought an action against Eufaula Concrete Company, Inc., Williams Brothers, Inc., and Frank Davis, for damages based on personal injuries he sustained when he was struck by a chute attached to a concrete* truck. The complaint contained a negligence count and a wantonness count. Williams Brothers, Inc., was dismissed with prejudice and the case proceeded against the remaining defendants. A jury trial was held and, following the plaintiffs presentation of his evidence, the defendants moved for a directed verdict on both counts. The trial court granted the motion as to the wantonness count only. The negligence count was submitted to the jury, and the jury returned a verdict for the defendants.
Briefly stated, the evidence presented at trial established that on the day of the accident, the plaintiff was supervising a job and was working as a cement finisher for the Army Corps of Engineers. When Frank Davis, the driver of the cement truck, arrived at the job site, he informed the plaintiff that the latch designed to hold the concrete truck’s chute in place was broken and that the loose chute was very dangerous. The plaintiff testified that he was aware of the danger and that he had observed the chute swinging freely as the truck was moved from place to place at the job site. At the time of the accident, the plaintiff had directed the truck driver to the next pour site, and he had turned his back to the roadway. The plaintiff stated that he expected the truck to pass beside him, and that although he thought about the chute’s swinging free and about the danger posed by its doing so, he did not turn to watch where the chute might swing because he believed he was out of the way. The chute struck the plaintiff in the lower back.
Davis testified that immediately before the accident, he told someone to hold the chute and that he then got into the cab of the truck. He stated that as he moved the truck he looked in the mirror and saw the chute swinging and that he also saw the plaintiff. Davis yelled to the plaintiff at that time, but was not able to warn him before the chute hit him. He was not aware that there was any danger when he moved the truck before the impact, he said, because he believed someone would hold the chute and because he believed no one would be in the way.
In Central Alabama Electric Co-op. v. Tapley, 546 So.2d 371, 379 (Ala.1989), this Court set forth what is needed to prove a claim of wantonness:
“What constitutes wanton misconduct depends upon the facts presented in each particular case. Brown v. Turner, 497 So.2d 1119 (Ala.1986); Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972); Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97 (1970). In Lynn Stickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987), the majority of this Court made it perfectly clear that wantonness, which requires some degree of conscious culpability, is not to be confused with negligence (i.e., mere inadvertence):
“ ‘Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury.... ’ McNeil v. Munson S.S. Lines, 184 Ala. 420, 425, 63 So. 992 (1913). [Emphasis added.] ...”
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.