This is an appeal by the plaintiff from a summary judgment granted in favor of the defendant in a case growing out of a collision between a tractor-trailer truck driven by the plaintiff and a Chevrolet Vega driven by the defendant, who concedes in brief that "the manner in which it occurred is disputed between the parties." We reverse and remand.
The plaintiff was driving a tractor-trailer rig loaded with pipe, weighing overall about 84,000 pounds, north on Water Street, a six-lane street, early on the morning of October 14, 1980. He was en route to the State Docks facility and maintained that he had successfully completed a lane change to the middle lane when the defendant "darted" in front of his truck, causing the accident. Defendant, on the other hand, contends that the plaintiff merged his truck into the traffic lane already occupied by the defendant, thereby causing the accident. The plaintiff vehemently denies this and says that the defendant came from the right lane into the middle lane directly in front of the truck, the front bumper of which collided with the driver's side of the Vega, just behind the front door.
The plaintiff by deposition said that he did not see the defendant's car before the collision. As soon as he got his rig stopped, he put on the air lock brakes and "jumped out of the truck." It is about six feet to the ground, and he did not use the steps because: "I was in a hurry to get him [the defendant] out of that car. I didn't know how bad he was hurt. I didn't know if his car was on fire. I didn't know."
The jump from the truck caused injury to the plaintiff's lower back, ultimately resulting in surgery.
The single issue is whether under these facts, as a matter of law, it must be said that the proximate cause of the plaintiff's injury was not the collision, but instead, a separate, independent intervening event which could not reasonably have been foreseen. *Page 1254 
As we have said so often since the adoption of Rule 56, A.R.Civ.P., because of the nature of negligence actions, almost always issues of fact are involved so that summary judgment is rarely appropriate in such cases. Tolbert v. Gulsby,333 So.2d 129 (Ala. 1976).
Proximate cause has been defined as "the primary moving cause without which [the injury] would not have been inflicted, but which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury." Mobile City Lines, Inc. v. Proctor,272 Ala. 217, 224, 130 So.2d 388, 394 (1961). The defendant concedes that the manner in which the accident occurred is disputed. Taking the facts most favorably, as we must, to the non-moving party on motion for summary judgment, they would support a finding of negligence on the defendant's part in causing the initial collision. However, he argues that the plaintiff's act of jumping from his truck to see if the defendant was hurt was the superseding cause of his injury, absolving the defendant of liability for his original negligent act. We cannot agree that this is so as a matter of law. "An intervening cause which is set in operation by an original negligent act, or which is a normal response to the stimulus of a situation created by such act, generally will not relieve the original wrongdoer of liability." Stated differently, "[a]n intervening act does not become a superseding cause if it is a normal response to the stimulus of a situation created by the negligence of another, and the manner in which it is done is not extraordinarily negligent." 65 C.J.S. Negligence § 111 (5) (1966). Restatement (Second) of Torts § 443 (1965).
We think a jury issue is made on the question of whether the plaintiff's jumping out of his vehicle immediately following the collision was a natural and normal response flowing from the defendant's alleged negligence. At least one court has addressed the precise issue and observed:
 "[I]t has long been settled that the chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence, and such normal reaction has been held to include the instinct toward self-preservation, Scott v. Shepard, 2 W.Bl. 892 (the lighted squib case), and the equally natural impulse to rush to others' assistance in emergency. . . ."
New York Cent. R. Co. v. Brown, 63 F.2d 657, 658 (6th Cir. 1933).
In Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala. 1976), we stated:
 "This court has held many times that a person, who by some act or omission sets in motion a series of events, is not responsible for the consequences of intervention of another agency, unless at the time of his original act or omission, the act of the intervening agency could reasonably have been foreseen. If so, the causal chain is not broken."
336 So.2d at 1339.
We are unwilling to hold as a matter of law that it was or was not reasonably foreseeable that the driver of a vehicle involved in a collision might suddenly jump from it and injure himself in an effort to render assistance to another driver whose acts may have caused the accident. This is a matter peculiarly within the province of a jury.
Because the trial court erred in granting summary judgment, its order is reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1255