This petition for the writ of certiorari presents the question whether the defendant, who was driving her friend to the doctor, and who had the benefit of Alabama's Guest Statute, was entitled to a summary judgment on the passenger's wantonness claim. The trial court entered a summary judgment in favor of the defendant driver. The Court of Civil Appeals reversed. Hughes v. Anderson, 682 So.2d 463
(Ala.Civ.App. 1995). We have granted certiorari review, and we conclude that the trial court properly entered the summary judgment. Therefore, we reverse the judgment of the Court of Civil Appeals.
We set out the facts briefly for a better understanding of the legal issue presented. The plaintiff, Barbara Hughes, was injured in an automobile accident. The defendant, Katina Latrice Anderson, was driving Hughes to the doctor in Hughes's automobile at the time of the accident. Hughes was taking a prescription medication that prevented her from operating a motor vehicle.
The evidence shows that on the day of the accident a light rain was falling and the roads were wet. While the two women were on *Page 469 
their way to the doctor's office, an accident occurred when Anderson, attempting to turn left at an intersection, crossed in front of an oncoming lane of traffic. Anderson could not see if any traffic was approaching her as she turned, because her vision was partially blocked by an automobile, which was waiting to turn left in the opposite left-turn lane. While Anderson was attempting to turn left, her automobile was hit on the passenger side by an oncoming car driven by Patricia Dansby, who was unable to stop her car because of the wet conditions of the roadway. As a result of the accident, Hughes was injured and her automobile was damaged.
Initially, Hughes sued Dansby, alleging negligence and wantonness, but after Dansby answered and moved for a summary judgment, arguing that she had not caused the accident, Hughes voluntarily dismissed her claim against Dansby and amended her complaint to add Anderson as a defendant, alleging wantonness on the part of Anderson.
Anderson moved for summary judgment, arguing that Alabama's Guest Statute, as codified at § 32-1-2, Ala. Code 1975, precluded a recovery against her. In support of her motion for summary judgment, Anderson presented evidence and affidavits to show that she had not acted wantonly. The plaintiff, Hughes, responded generally, basing her opposition to the motion on the language of the Guest Statute and on the affidavits presented by Anderson. The trial court ruled that Hughes had not produced substantial evidence to support her wantonness claim and entered a summary judgment in favor of Anderson.
Hughes appealed. The Court of Civil Appeals reversed, holding that Hughes had presented sufficient evidence to preclude the summary judgment on the wantonness claim.
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether "the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. JohnDeere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), A.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
Anderson argues that Hughes did not present substantial evidence to defeat the defendant's properly supported motion for summary judgment. In order to hold a defendant liable under Alabama's Guest Statute, a plaintiff must show that the defendant's actions amounted to wanton conduct. The Alabama Guest Statute, codified as § 32-1-2, Ala. Code 1975, states:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
The purpose of this statute is "to prevent generous drivers, who offer rides to guests, from being sued in what often are close cases of negligence." Roe v. Lewis, 416 So.2d 750, 753
(Ala. 1982) (citing Blair v. Greene, 247 Ala. 104, 22 So.2d 834
(1945)). In a case subject to the Guest Statute, a plaintiff's showing of "wanton misconduct" requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability.George v. Champion Ins. Co., 591 So.2d 852 (Ala. 1991). *Page 470 
What constitutes wanton misconduct depends on the facts presented in each particular case. Central Alabama ElectricCooperative v. Tapley, 546 So.2d 371 (Ala. 1989); Brown v.Turner, 497 So.2d 1119 (Ala. 1986); Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972). A majority of this Court, in LynnStrickland Sales Service, Inc. v. Aero-Lane Fabricators,Inc., 510 So.2d 142 (Ala. 1987), emphasized that wantonness, which requires some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission, is not to be confused with negligence (i.e., mere inadvertence):
 "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury. . . .
 "Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. 'Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.' McNeil v. Munson S.S. Lines, 184 Ala. 420, [423], 63 So. 992 (1913). . . .
". . . .
 " 'Willful and wanton conduct has a well-defined meaning at law. It is sometimes expressed in terms of "reckless disregard of the safety of another." Willful and wanton conduct should not be confused with negligence. It has been correctly stated that the two concepts are as "unmixable as oil and water." '
". . . .
 " '. . . Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term "negligence," which conveys the idea of inadvertence, as distinguished from premeditation or formed intention.' "
510 So.2d at 145-46 (citations omitted.) See also, CentralAlabama Electric Cooperative v. Tapley, 546 So.2d 371
(Ala. 1989). Therefore, the relevant question is whether Hughes presented substantial evidence to defeat the defendant's summary judgment motion.
A review of the facts convinces us that Hughes did not present substantial evidence from which a factfinder could infer that the defendant was guilty of "wanton conduct," as defined in Alabama case law. In reaching this conclusion, we have viewed the evidence in a light most favorable to the plaintiff, as we are required by law to do; we can find no evidence that Anderson acted in a wanton manner. In her affidavit, Anderson states that she waited at the intersection until she believed that it was safe to turn. Although Anderson may have been negligent in turning left while her view of the oncoming traffic was blocked, we do not believe that this evidence is sufficient to prove that she was guilty of "wanton conduct," as that term is defined in our cases. In other words, viewing the evidence most favorably to Hughes, we find no substantial evidence that the defendant Anderson acted "with knowledge of danger, or with consciousness, that the doing [of the act would] likely result in injury." Lynn Strickland, 510 So.2d at 145. In addition, this Court has held on at least two previous occasions that evidence of conduct similar to Anderson's did not constitute substantial evidence of wanton conduct. See, Dorman v. Jackson, 623 So.2d 1056 (Ala. 1993);George v. Champion Insurance Co., 591 So.2d 852 (Ala. 1991).
The trial judge properly entered a summary judgment for Anderson. Therefore, the Court of Civil Appeals erred in reversing; judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, HOUSTON, and BUTTS, JJ., concur.
KENNEDY and COOK, JJ., dissent. *Page 471