Georgia Barker, a/k/a Georgia Barker Bennett, appeals from a summary judgment *Page 908 
in favor of Herbert Towns, Jr., as the personal representative of the estate of Herbert Towns, Sr. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
In September 1997, Barker sued Jimmy K. Baker d/b/a J 
K Trucking Company, and also Allstate Insurance Company, alleging that Baker had negligently or wantonly caused a motor-vehicle accident in which Barker sustained personal injury. Towns Sr. was the driver of the vehicle in which Barker was a passenger when the accident occurred; Towns Sr. died as a result of injuries he sustained in the accident. In October 1997, Barker amended her complaint to add Towns Jr. as a defendant, alleging that Towns Sr. had been wanton and had displayed a reckless disregard for her safety in failing to yield the right of way. Towns Jr. moved for a summary judgment in January 1999, arguing that Barker had been a "guest" in Towns Sr.'s car at the time of the accident, and that her status as a guest barred any claim for negligence, based on Alabama's Guest Statute, and arguing that there was no evidence that Towns Sr. was guilty of wantonness in his driving. The trial court entered a judgment in favor of Towns Jr., finding that Barker had been a guest in Towns Sr.'s vehicle; that there was no evidence of willful and wanton conduct by Towns Sr. in the operation of his vehicle; and, therefore, that Towns Jr. was entitled to a judgment as a matter of law. Barker appeals, arguing that the evidence presented a material question of fact that precluded the entry of a summary judgment.
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c), Ala.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting "substantial evidence" creating a genuine issue of material fact. § 12-21-12, Ala. Code 1975. Hope v. Brannan,557 So.2d 1208 (Ala. 1989). The evidence will be viewed in a light most favorable to the nonmoving party. King v. Winn-Dixie ofMontgomery, Inc. 565 So.2d 12 (Ala. 1990); see also Dorman v.Jackson, 623 So.2d 1056 (Ala. 1993).
The record reflects that on or about July 24, 1997, Barker was a passenger in a 1994 GMC truck owned and operated by Towns Sr. The accident occurred at the intersection of Jensen Road and County Road 4, in Dallas County. A logging truck, operated by Baker, was travelling north on Jensen Road; Baker had the right of way at the intersection. The vehicle driven by Towns Sr. was required to stop at a stop sign located at the intersection before proceeding across Jensen Road. Barker testified that she was not certain whether Towns Sr. had completely stopped at the stop sign, but that she thought both she and Towns Sr. had looked in the direction of the tractor-trailer and had seen the truck approaching at a high rate of speed. Barker stated that Towns Sr. "pushed on the gas" in an effort to cross the intersection before Baker's truck arrived at the intersection. Baker testified that he did not see Towns stop at the stop sign before proceeding into the intersection. As a result of the accident, Towns was killed; Barker sustained serious injuries, including a broken jaw, a head injury, a broken ankle, and an injury to her liver.
The dispositive issue is whether Barker presented substantial evidence to support a finding of willful or wanton misconduct by Towns. The Alabama Guest Statute, codified as §32-1-2, Ala. Code 1975, provides:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton *Page 909 misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
(Emphasis added.) Our supreme court has explained that "wantonness, which requires some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission, is not to be confused with negligence (i.e., mere inadvertence)." Ex parte Anderson, 682 So.2d 467, 470 (Ala. 1996). Our supreme court has also stated:
 "`Wantonness' is statutorily defined as `[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others.' Ala. Code 1975, § 6-11-20(6) (3). `Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. To prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff."
Alfa Mutual Ins. Co. v. Roush, 723 So.2d 1250, 1256 (citation omitted); see also Scott v. Villegas, 723 So.2d 642 (Ala. 1998).
Our supreme court has further stated that "[i]f there is any evidence from which a jury can reasonably infer wantonness, the issue should be presented to the jury." Sellers v. Sexton,576 So.2d 172, 175 (Ala. 1991) (citing McDougle v. Shaddrix,534 So.2d 228 (Ala. 1988); see also Clark v. Black, 630 So.2d 1012
(Ala. 1993).
Barker presented evidence tending to show that Towns entered the intersection after seeing the truck approaching at a high rate of speed. In addition, the truck driver testified that he did not see Towns stop at the stop sign, and there is no dispute that the truck driver had the right-of-way. These facts constituted substantial evidence supporting the wantonness claim; therefore, the issue should have been presented to the jury. We reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.