Tracie Allen, the passenger in an automobile driven by Bryant Hill, was injured in an automobile collision between Hill's automobile and an automobile driven by Otis Bass. Patricia Allen, Tracie's mother, sued Hill, alleging that he had operated his automobile in a wanton manner and had thereby caused Tracie's injuries. Hill moved for a summary judgment, raising in his defense the Alabama Guest Statute, which in most instances precludes a passenger from suing a driver for injuries sustained in an accident unless the driver causes the accident by wanton conduct. See Ala. Code 1975, § 32-1-2. In opposition to Hill's motion, Patricia Allen presented the deposition testimony of Otis Bass, an affidavit from a witness living near the accident scene, and the uniform-traffic-accident report. Hill filed a motion to strike these exhibits. The trial court granted that motion as it pertained to "hearsay and other matters that are not admissible evidence" and entered a summary judgment for Hill. Patricia Allen appealed to the Alabama Supreme Court; that court transferred her appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6). We reverse and remand.
Our standard for reviewing a summary judgment is de novo; we apply the same standard applied by the trial court. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the *Page 576 
exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, § 12-21-12(d). See West, 547 So.2d at 871, and Bass v. SouthTrust Bank, 538 So.2d 794 (Ala. 1989), for further discussion of the application of the summary-judgment standard.
The only issue decided by the summary judgment in this case was whether Patricia Allen had produced substantial evidence indicating that Tracie's injuries were caused by willful or wanton misconduct on Hill's part. See § 32-1-2.
 "Wantonness is a question of fact for a jury, unless there is a total lack of evidence from which the jury could reasonably infer wantonness. `Wantonness' is . . . the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."
McDougle v. Shaddrix, 534 So.2d 228, 231 (Ala. 1988) (internal citations omitted).
In support of his motion for summary judgment, Hill presented his own affidavit, in which he stated that he "was driving in a safe and prudent manner" and that he stopped at the stop sign at the intersection where the accident took place. In opposition to Hill's motion, Patricia Allen presented the deposition testimony of the other driver, Otis Bass. Bass testified that he saw Hill's automobile as it entered the intersection and that Hill's approximate speed was 50-60 miles per hour. Bass also testified that Hill did not stop at the stop sign. Hill argues that Bass's testimony that Hill did not stop at the stop sign could not be based on personal knowledge, because other testimony by Bass indicated that he saw Hill's automobile only after it had entered the intersection. Thus, Hill argues, Bass's testimony was not based on personal knowledge, as required by Rule 602, Ala. R. Evid., and should have been stricken. He also argues that it is inadmissible as a lay opinion, under Rule 701, Ala. R. Evid. Although Bass's testimony is somewhat conflicting, his testimony that Hill was going 50-60 miles per hour as he entered the intersection satisfies the requirements of Rule 701 because it is "rationally based on [Bass's] perception" and would be "helpful to a clear understanding of the . . . determination of a fact in issue." Rule 701. See generally,Scheerer v. Hardee's Food Systems, Inc., 148 F.3d 1036, 1038 (8th Cir. 1998) (holding that a witness's "testimony regarding her own observations at the time of the accident" was admissible under Rules 602 and 701, Fed.R.Evid.). Because Bass's testimony is rationally based on his own perceptions of the accident as it happened, it also satisfies the personal knowledge requirement of Rule 602. See Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399,403 (3d Cir. 1980) (stating that the requirement of Rule 701 that "the testimony be within the witness's perception . . . simply reflects a recognition of the limitation embodied in [Rule 602], that a witness must have `personal knowledge of the matter' in order to testify to it"). Therefore, we conclude that Bass's deposition testimony should not have been stricken.
Because the trial court should have considered Bass's testimony, we must also determine whether that evidence satisfied Allen's burden of producing substantial evidence creating a genuine issue of material fact. See Rule 56; West, 547 So.2d at 871. After considering Bass's testimony, we conclude that his testimony does create a genuine issue of material fact: whether Hill drove wantonly through the intersection. A jury could reasonably infer from Bass's testimony that Hill did not stop at the stop sign and drove through the intersection at a high rate of speed. Such an inference would support a verdict in Patricia Allen's favor on the issue of wantonness. Accordingly, the summary *Page 577 
judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
We pretermit any discussion on the admissibility of the other items of evidence Patricia Allen submitted in opposition to Hill's motion for summary judgment.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.