MADDOX, Retired Justice.
This case arises out of an automobile accident that occurred at an intersection in the City of Mobile. The trial judge entered a summary judgment for the defendant, and the sole question presented on this appeal is whether the plaintiff presented substantial evidence creating a genuine issue of material fact as to whether the defendant’s negligence caused the accident. We believe that she did; therefore, we reverse the summary judgment and remand the case.

Facts

Lamondeze Johnson, in his motion for a summary judgment filed in the action brought against him by Catherine Wilkerson, included what he described as a “Narrative of Undisputed Facts.” That narrative reads, in pertinent part, as follows:
“This case involves an automobile accident which occurred on January 30, 2001 at the intersection of Dauphin Island Parkway (‘DIP’) and McVay Drive, in Mobile County, Alabama.... [Wilkerson] claims [Johnson] was negligent....
“[Wilkerson] was driving southbound on DIP and came to a complete stop at a red light at this intersection. [Wilkerson] was in the first position at the red light.... [Johnson] was making a left-hand turn from the turning lane on northbound DIP onto McVay Drive....
“It is undisputed that [Johnson] had the right-of-way because he proceeded into the intersection on a green arrow. In fact, [Wilkerson] watched four or five cars make the left-hand turn in front of [Johnson].... After [Johnson] was a significant distance into the intersection, his signal changed from a green arrow to yellow.... Because this is a very busy intersection, it is not unusual for traffic making this left-hand turn off of DIP onto McVay to back up into the intersection for a short period.... On this occasion [Johnson] was not able to clear the intersection completely prior to [Wilkerson’s] signal turning from red to green.... Instead of waiting for the intersection to clear of traffic which had the right-of-way, [Wilkerson] failed to keep a proper lookout and drove into the passenger rear side of [Johnson’s] vehicle....
“[Wilkerson] failed to allow the intersection to clear of traffic which had the right-of-way prior to proceeding forward. She claims she did not see [Johnson] because her view was obstructed by the car next to her.... The accident report reflects, however that her view was not obstructed.... Further, the photographs attached hereto as Exhibit 5 [Exhibit 5 is not attached to this opinion] indicate it would be nearly impossible for [Wilkerson’s] view of the intersection to be obstructed, as this is a very large intersection with a significant distance between [Wilkerson’s] stopping point at the white line and [Johnson’s] pattern of travel onto McVay Drive.
“[Wilkerson] further claims that as soon as she saw [Johnson], she slammed *419 on her brakes but her car began to skid.... The accident report reflects that [Wilkerson] was traveling approximately 35 miles per hour at the time of the collision.... [Wilkerson], therefore, took off from the red light at a high rate of speed because she admitted she was completely stopped prior to the collision .... Also it is undisputed that the roadway was dry....”
Wilkerson argues that the facts are in dispute, and in her brief on appeal states, in part, the following:
“In the case presently before this Court Lamondeze Johnson claimed he had the right of way to make a left turn and had driven across the white line marking the intersection of Dauphin Island Parkway and McVay Drive under a yellow traffic signal before the collision .... In opposition to this contention, Catherine Wilkerson claimed she entered the intersection, as did the vehicle to her left, upon her traffic signal turning green.... As Catherine Wilkerson entered into the intersection, the vehicle to her left slammed on its brakes.... Within a split second Catherine Wilkerson saw [the Johnson] vehicle coming from the left to the immediate front of her vehicle.... She braked, but skidded into the rear, passenger side of Lamon-deze Johnson’s vehicle....
“Reviewing the evidence in a light most favorable to the non-movant, it was clear there was sufficient evidence to defeat the summary judgment motion. Just as was noted in Kirk [v. Griffin, 667 So.2d 1378 (Ala.Civ.App.1995),] and Allen [v. Hill, 758 So.2d 574 (Ala.Civ.App.1999)], the parties before this Court have a different story as to how the accident occurred. Lamondeze Johnson claimed Catherine Wilkerson hit him as he had the right-of-way, entering the intersection under a yellow light.... Catherine Wilkerson, claimed she, as well as another vehicle, entered the intersection under a green light.... Given the fact the investigating police officer indicated the traffic signals were functioning properly at the time of the collision[,] coupled with the fact Catherine Wilkerson and Lamondeze Johnson could not both enter the intersection legally as they described, an inference can be made, by reviewing the evidence in a light most favorable to the non-movant, that Lamondeze Johnson ran through a red lighted traffic signal while attempting to make a left turn in front of Catherine Wilkerson.... As a result of this inference, the trial court erred in entering summary judgment in favor of Lamondeze Johnson.”
(Wilkerson’s brief, pp. 4-5.)

Analysis

We first state the scope of our review of a summary judgment. In Densmore v. Jefferson County, 813 So.2d 844, 848 (Ala. 2001), this Court, citing earlier cases, stated:
“[W]hen reviewing a ruling on a motion for a summary judgment, this Court applies the same standard the trial court used in determining whether the evidence before the court made out a genuine issue of material fact. When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur *420 ance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
In his brief on appeal, Johnson argues that “[n]egligenee of both parties, or absence of negligence” of both parties “precludes recovery by either party,” and that “[rjecov-ery may only be had where one party to an automobile accident is guilty of actionable negligence and the other is not,” citing Winfrey v. Witherspoon’s, Inc., 260 Ala. 371, 71 So.2d 37 (1954); A.B.C. Truck Lines, Inc. v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946).
Although evidence was presented in support of the motion for a summary judgment from which a fact-finder might infer that Johnson was not negligent or that Wilkerson was guilty of contributory negligence, we believe that a summary judgment was inappropriate in this case. See Hilburn v. Shirley, 437 So.2d 1252 (Ala.1983). In Hilbum, the plaintiff injured his back when he jumped out of his tractor-trailer rig following an accident. The trial court had granted the defendant’s motion for a summary judgment; this Court held that issues relating to the cause of the accident and the issue whether the truck driver’s jumping out of his vehicle immediately following the collision was the natural and normal response flowing from the defendant’s alleged negligence presented questions for the jury, precluding a summary judgment.
The following cases all involve a collision in an intersection in which the trial court entered a summary judgment. In Nelson v. Meadows, 684 So.2d 145 (Ala.Civ.App.1996), a passenger in a northbound vehicle was injured in a collision at an intersection with a southbound vehicle as the northbound vehicle attempted to make a left turn. The administrator of the estate of the passenger in the northbound vehicle who was killed in the collision brought an action against the drivers of both vehicles and the city, which had contracted with the State to maintain the State-controlled intersection and to report any changes that might require adjustments in the intersection: The Court of Civil Appeals held that a fact issue existed as to (1) whether the southbound driver had been negligent; (2) whether the city’s assumption of a contractual duty to inform the State created a duty owed by the city to the passenger; and (3) whether the city had breached its duty to inform the State of changes in the conditions and whether that breach, if any, was the proximate cause of accident. In Barker v. Towns, 747 So.2d 907 (Ala.Civ.App.1999), a guest passenger brought a personal-injury action against a pickup truck driver’s estate and others arising out of an accident with a logging truck. The trial court granted the motion for a summary judgment filed by the driver’s estate. The Court of Civil Appeals held that genuine issues of material fact existed as to whether the driver saw the truck approaching before he entered the intersection and whether the driver stopped at the stop sign, precluding a summary judgment for driver’s estate on the guest passenger’s personal-injury claim on the ground that there was no evidence of wantonness. But in Hughes v. Anderson, 682 So.2d 463 (Ala.Civ.App.1995), a passenger was injured in a collision at an intersection; the collision occurred while a friend was driving the passenger to a medical appointment in an automobile owned by the passenger. The passenger sued her friend, alleging wantonness, and her friend moved for a summary judgment, which the trial court granted. The Court of Civil Appeals reversed the summary judgment, 682 So.2d 463, and the friend petitioned for a writ of certiorari. This Court held that the friend’s conduct, although possibly negligent in making the left turn that resulted in the collision, did not constitute wanton misconduct so as to allow a recov *421 ery under Alabama’s guest statute. Ex parte Anderson, 682 So.2d 467 (Ala.1996). Cf. Berry v. Fife, 590 So.2d 884 (Ala. 1991)(in an action for wantonness, evidence indicating that the driver, who heard a gunshot, ducked below the dashboard, pressed on the accelerator, and knowingly entered an intersection against a red light presented an issue of fact as to whether the driver had acted with reckless disregard for the rights and safety of others, thus precluding a summary judgment).
Based on the foregoing, we conclude that the trial judge erred in entering a summary judgment in favor of Johnson. We reverse that judgment and remand the case.
This opinion was prepared by retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
JOHNSTONE and WOODALL, JJ., concur.
LYONS, J., concurs specially.
MOORE, C.J., and HOUSTON, J., concur in the result.