DONALDSON, Judge.
James Schubert, the plaintiff, appeals from a summary judgment in favor of Wesley Smith, the defendant, with respect to claims of wantonness asserted against Smith arising out of an automobile accident. We affirm the judgment.

Facts and Procedural History

Schubert and Smith were friends. Both were students at Madison County High School. Smith provided Schubert with a means of transportation to and from school. Schubert never paid for the rides because the two were friends, and the record does not indicate that he purchased gas for Smith. On September 5, 2008, Smith and Schubert left school and proceeded in the direction of a friend’s house on Mountain Lane in Madison County. The weather was clear, and the roadway was dry. Smith was traveling at a rate of speed in excess of the posted speed limit of 25 miles per hour. Schubert told Smith to slow down before the accident occurred, and Smith complied by decreasing speed. After proceeding over a hill and while the vehicle was entering into a left turn, the back tires of the vehicle left the roadway. As a result, the vehicle turned sideways, the back end of the vehicle lifted off the ground, and the entire vehicle left the roadway. The rear of the vehicle crashed into a concrete wall. The vehicle then rolled over on its top. Schubert received serious injuries as a result of the accident. In a letter to Schubert dated March 18, 2009, Smith apologized to Schubert for the accident. Smith further stated in the letter that, on the day of the accident, he had not cared whether he died, because he was mad about some personal issues he was going through at the time.
On May 13, 2010, Schubert sued Smith asserting claims of negligence and wantonness. On January 23, 2012, Smith filed a motion for a summary judgment, asserting that Alabama’s guest statute, § 32-1-2, Ala.Code 1975, barred any claim of negligence and that there was no evidence of “wanton misconduct” by Smith. Following a hearing, the trial court entered a sum *8 mary judgment on June 12, 2012, in favor of Smith. Schubert filed a motion to alter, amend, or vacate, which the trial court denied on July 12, 2012. Schubert filed a timely notice of appeal to the supreme court on August 22, 2012. The supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.

Standard, of Review

“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).

Discussion

Schubert concedes that he was a guest in Smith’s vehicle, thus invoking the applicability of Alabama’s guest statute, which bars his negligence claim.
“In Ex parte Anderson, 682 So.2d 467 (Ala.1996), this Court discussed the concept of wantonness in the context of operating an automobile:
“ ‘In a case subject to the Guest Statute, a plaintiffs showing of “wanton misconduct” requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability. George v. Champion Ins. Co., 591 So.2d 852 (Ala.1991).
“ ‘What constitutes wanton misconduct depends on the facts presented in each particular case. Central Alabama Electric Cooperative v. Tapley, 546 So.2d 371 (Ala.1989); Brown v. Turner, 497 So.2d 1119 (Ala.1986); Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972). A majority of this Court, in Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987), emphasized that wantonness, which requires some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission, is not to be confused with negligence (i.e., mere inadvertence):
“ ‘ “Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....
*9 “ ‘ “Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. ‘Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.’ McNeil v. Munson S.S. Lines, 184 Ala. 420, [423], 63 So. 992 (1913)....
“ ‘ “ ‘Willful and wanton conduct has a well-defined meaning at law. It is sometimes expressed in terms of “reckless disregard of the safety of another.” Willful and wanton conduct should not be confused with negligence. It has been correctly stated that the two concepts are as “unmixable as oil and water.” ’
Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term “negligence,” which conveys the idea of inadvertence, as distinguished from premeditation or formed intention.’ ”
“ ‘510 So.2d at 145-46 (citations omitted). See also, Central Alabama Electric Cooperative v. Tapley, 546 So.2d 371 (Ala.1989).’
“682 So.2d at 469-70.”
Phillips ex rel. Phillips v. United Servs. Auto. Ass’n, 988 So.2d 464, 467-68 (Ala.2008).
On appeal, Schubert contends that the trial court erred in finding that he did not present substantial evidence as to whether Smith acted wantonly in the operation of his vehicle on the date of the accident.
In support of his contention that Smith’s actions constitute substantial evidence creating a genuine issue of material fact as to whether Smith acted wantonly, Schubert cites Barker v. Towns, 747 So.2d 907 (Ala.Civ.App.1999), Allen v. Hill, 758 So.2d 574 (Ala.Civ.App.1999), and Coleman v. Smith, 901 So.2d 729 (Ala.Civ.App.2004). In Barker, Towns, the driver, failed to make a complete stop at a stop sign. Both Towns and Barker, the passenger, saw a truck approaching the intersection at a high rate of speed. Despite the fact that the truck had the right-of-way, Towns proceeded to enter the intersection in an effort to cross the intersection before the truck arrived. In overturning the trial court’s summary judgment in favor of Towns, this court stated:
“Barker presented evidence tending to show that Towns entered the intersection after seeing the truck approaching at a high rate of speed. In addition, the truck driver testified that he did not see Towns stop at the stop sign, and there is no dispute that the truck driver had the right-of-way. These facts constituted substantial evidence supporting the wantonness claim; therefore, the issue should have been presented to the jury.”
Barker, 747 So.2d at 909.
In Allen, conflicting testimony concerning whether Hill, the driver, stopped at a stop sign resulted in this court’s reversing the trial court’s summary judgment in favor of Hill. Allen, a minor child, was injured in an accident when Hill’s vehicle collided with another vehicle. Allen’s mother sued Hill, alleging that Allen’s injuries were caused by Hill’s willful or wan *10 ton misconduct. Allen’s mother offered the testimony of Bass, the driver of the other vehicle involved in the collision. Bass indicated that he had witnessed Hill’s vehicle approach the intersection at a speed of 50-60 miles per hour. However, Bass also testified that he saw Hill’s vehicle only after it had entered the intersection. Due to those inconsistent statements, the trial court granted Hill’s motion to strike Bass’s testimony and entered a summary judgment for Hill. This court concluded that the trial court had improperly stuck Bass’s testimony and that the testimony “createfd] a genuine issue of material fact: whether Hill drove wantonly through the intersection. A jury could reasonably infer from Bass’s testimony that Hill did not stop at the stop sign and drove through the intersection at a high rate of speed.” Allen, 758 So.2d at 576.
In Coleman, the mother of Coleman, a minor, sued Smith, the driver of a vehicle in which Coleman had been a passenger. Smith had an accident while driving his vehicle at a high rate of speed and losing control of the vehicle after being forced off the road by an oncoming vehicle. Coleman was injured in the accident. At trial, Smith moved for a judgment as a matter of law before the case was submitted for a decision, based upon the guest statute. The trial judge granted the motion. Coleman’s mother appealed, and this court held:
“The road was narrow, with no delineated center line, and consisted of tar and loose gravel. Additionally, the road had what was described as a ‘blind hill’ that prevented oncoming traffic from seeing each other until they crested the hill. After reviewing the record, we conclude that the evidence of Smith’s rate of speed, when coupled with evidence of the conditions of the road in question, raised a question of fact to be resolved by the jury as to whether Smith’s actions rose to the level of wantonness as defined by our supreme court.”
Coleman, 901 So.2d at 732-33.
In this case, Schubert argues that evidence as to the speed at which Smith was traveling, when coupled with evidence of the approaching hill, the sharp curve, Smith’s familiarity with the road traveled, and Smith’s mental state, amounts to substantial evidence of wanton misconduct.
In support of his contention that Schubert has not established the elements of wantonness, Smith cites Tolbert v. Tolbert, 903 So.2d 103 (Ala.2004), Ex parte Anderson, 682 So.2d 467 (Ala.1996), Dorman v. Jackson, 623 So.2d 1056 (Ala.1993), and Phillips v. United Services Automobile Ass’n, 988 So.2d 464 (Ala.2008). In Tolbert, a minor was killed while riding as a guest in his grandmother’s vehicle. The grandmother lost control of her vehicle because she failed to appreciate the dangerous conditions of the road, including the facts that the roadway was slick due to a light rain and that the roadway proceeded downhill along double “S” curve. The trial court entered a summary judgment in favor of the grandmother. Our supreme court concluded that, although the evidence demonstrated that the grandmother had lost control of her vehicle due to “driver error” related to her failure to appreciate the hazard created on the curving downhill road by the slickness of the road surface resulting from the recent light rain, it could not be concluded that the grandmother had been speeding, except “as a matter of speculation.” Tolbert, 903 So.2d at 118. Although the supreme court concluded that the grandmother’s actions likely rose to the level of negligence, it held that summary judgment for the grandmother was proper on the issue of wantonness.
*11 In Anderson, Anderson, the driver, pulled into a lane of traffic while attempting to make a left turn at an intersection. Her view of the oncoming vehicles was obstructed by other vehicles in the intersection. Further, the roads were slick due to a light rain. Despite the obstruction to her vision and the wet roadway, Anderson attempted to cross the intersection and was struck by another vehicle. Hughes, a guest in Anderson’s car, was injured. In affirming the summary judgment in favor of Anderson, our supreme court stated:
“A review of the facts convinces us that Hughes did not present substantial evidence from which a factfinder could infer that the defendant was guilty of “wanton conduct,’ as defined in Alabama case law. In reaching this conclusion, we have viewed the evidence in a light most favorable to the plaintiff, as we are required by law to do; we can find no evidence that Anderson acted in a wanton manner. In her affidavit, Anderson states that she waited at the intersection until she believed that it was safe to turn. Although Anderson may have been negligent in turning left while her view of the oncoming traffic was blocked, we do not believe that this evidence is sufficient to prove that she was guilty of ‘wanton conduct,’ as that term is defined in our cases. In other words, viewing the evidence most favorably to Hughes, we find no substantial evidence that the defendant Anderson acted ‘with knowledge of danger, or with consciousness, that the doing [of the act would] likely result in injury.’ Lynn Strickland [Sales & Service, Inc. v. Aero-Lane Fabricators, Inc.], 510 So.2d [142,] 145 [(Ala.1987)]. In addition, this Court has held on at least two previous occasions that evidence of conduct similar to Anderson’s did not constitute substantial evidence of wanton conduct. See, Dorman v. Jackson, 623 So.2d 1056 (Ala. 1998); George v. Champion Insurance Co., 591 So.2d 852 (Ala.1991).”
Ex parte Anderson, 682 So.2d at 470.
In Dorman, Jackson, the driver, turned left at an intersection in front of an oncoming vehicle, resulting in a collision and injuries to Dorman, a guest in Jackson’s vehicle. Jackson had slowed down upon approaching the intersection, but he failed to see the oncoming car. Our supreme court determined that the facts presented did not rise to the level of wantonness and affirmed the trial court’s summary judgment in favor of Jackson.
In Phillips, Catlin, the driver, became distracted when she took her eyes off the roadway to wave at friends. As a result, she allowed her vehicle to cross the center line of the road. She ultimately lost control of her vehicle, and the vehicle flipped over, injuring Phillips, a guest in the vehicle. Phillips argued that Catlin had knowledge or consciousness of the danger presented in the situation because Catlin had taken a driver’s education course in which she learned the rules of conduct for driving. Phillips argued that Catlin’s decision to take her eyes off the road to wave at the friends amounted to a conscious disregard for the rules she had learned in her driver’s education course and that Cat-lin’s decision to take her eyes off the road was with made knowledge of the potential consequences. Our supreme court held as follows:
“In the present case, even reviewing the evidence, as we must, in the light most favorable to [Phillips], the nonmov-ant for summary judgment, we agree with USAA[, Catlin’s insurer,] that [Phillips] has not presented substantial evidence indicating that [Catlin] acted wantonly. [Phillips] has not put forward substantial evidence tending to show that [Catlin] had ‘knowledge and con *12 sciousness’ that a likely result of momentarily waving to her friends was an automobile accident in which [Phillips] would be injured. What [Phillips] has shown is that [Catlin] had knowledge as to how to properly and safely operate an automobile. Presumably, anyone who obtains a driver’s license in the State of Alabama has such knowledge. See, generally, Ala.Code 1975, § 32-6-3(a) (‘Every person who applies for an initial Alabama driver’s license issued by the Department of Public Safety under this article shall be given and successfully pass an examination before the issuance of a driver’s license.’). [Phillips’s] reasoning would convert every failure to properly or safely operate an automobile resulting from ‘inattention, thoughtlessness, ... heedlessness, [or] a lack of due care’ into an act of wantonness on the ground that the driver knew or should have known that such inattention, thoughtlessness, or heedlessness is improper.”
Phillips, 988 So.2d at 470-71.
In the case before us, we are not persuaded that Smith’s actions amount to anything more than inadvertence. Nor can we conclude that Smith possessed knowledge of the danger created by his actions or a degree of consciousness that his driving would result in Schubert’s injuries. Although Smith was operating his vehicle at a high rate of speed and likely in a negligent manner, the record reflects that he began to slow the vehicle upon approaching the turn and after a warning from Schubert. Additionally, although testimony indicates that Smith might still have been exceeding the speed limit upon approaching the turn, even after slowing down, there was no other evidence, when coupled with the evidence regarding the rate of speed at which the vehicle was traveling, that would amount to substantial evidence demonstrating that Smith’s actions were wanton. Evidence of speed alone does not amount to wantonness. Hicks v. Dunn, 819 So.2d 22, 24 (Ala.2001). Unlike in Coleman, where the narrow roadway with an unmarked center lane was covered in tar and gravel, the conditions of the roadway in the present case were clear and dry. In Tolbert and Anderson, the drivers had knowledge of the slick roadways, yet the court still determined that their inadvertence did not rise to the level of wanton behavior.
In an effort to show that Smith acted with consciousness that an injury would likely result from his actions, Schubert has provided a letter written by Smith to Schubert several months after the accident. In that letter, Smith apologized to Schubert and stated that, on the day of the accident, he had not cared if he died, because of personal issues he had been experiencing at the time. Although that letter serves as evidence indicating that Smith was possibly depressed at the time of the accident, it does not serve as evidence indicating that Smith took any action in his driving based on his being depressed. The letter does not demonstrate that Smith had knowledge or consciousness that the vehicle would leave the roadway due to traveling at a rate of speed higher than the posted speed limit.
Because there were no genuine issues of material fact as to whether Smith acted wantonly, summary judgment was appropriately entered in favor of Smith. We therefore affirm the judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.