Rel: September 6, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2024-0041

_____

### Gene McLaurin

v.

### City of Birmingham and Markeith Aaron Williams

### Appeal from Jefferson Circuit Court
### (CV-17-904029)

HANSON, Judge.

Gene McLaurin appeals from a summary judgment entered by the Jefferson Circuit Court ("the trial court") discussing his action against the City of Birmingham ("the City") and Markeith Aaron Williams. Before McLaurin filed his appeal, he filed a post judgment motion

directed to the summary judgment; that post judgment motion was denied by operation of law and without a hearing. For the reasons set forth below, we reverse the denial by operation of law of McLaurin's postjudgment motion and remand the cause for the trial court to conduct a hearing on that motion.

<u>Facts and Procedural History</u>

On September 25, 2017, McLaurin sued the City and Williams alleging:

"1. On or about September 10, 2016, at about 11:03 p.m., plaintiff was driving his motor vehicle on Oporto Madrid Boulevard at the I-20 exit ramp east, in the City of Birmingham, Jefferson County, Alabama, where he had a right to be.

"2. At that time and at that place, defendant Markeith Aaron Williams was employed by defendant City of Birmingham as a police officer and was acting within the line and scope of his employment. Williams was driving a vehicle owned by Birmingham.

"3. Williams was driving north on Oporto Madrid, [and] negligently or willfully ran a red light at the intersection of the I-20 exit ramp and struck a southbound vehicle which was turning left under a green left turn arrow. After this collision, Williams continued north until his vehicle came to rest.

"4. Williams negligently or willfully exited his vehicle without putting it in park. Williams collapsed in the pavement and his vehicle started rolling so that it was about

to roll over him. To keep Williams from being more seriously injured, Mclaurin drove his vehicle into Williams's vehicle.

"5. As the proximate consequence of Williams's negligence or willfulness, plaintiff was severely injured. He suffered constant neck pain, radiating to his shoulders, traumatic cervical and mid back pain, headaches, bruises and contusions. He will have future pain. He had substantial medical expenses. His vehicle was damaged and rendered less valuable."

McLaurin requested $45,000 in damages and demanded a jury trial. On November 1, 2017, the City and Williams filed an answer and pleaded the applicability of certain affirmative defenses including assumption of the risk and contributory negligence.

On April 13, 2018, McLaurin filed a motion seeking mediation, which the trial court subsequently denied. From April 2018 to October 2018, the parties engaged in discovery. On February 27, 2020, the trial court set the case for a status-review conference. The parties engaged in further discovery and the case was set for trial on several occasions with the most recent trial setting scheduled for July 17, 2023.

On June 29, 2023, the City and Williams filed a summary-judgment motion arguing that

"[the City and Williams] did not owe a duty to McLaurin, did not breach any alleged duty to McLaurin and were not the proximate cause of McLaurin's alleged injuries. Also, [the City

3

and Williams] assert McLaurin was contributorily negligent and assumed the risk as to his actions."

In support of their motion, the City and Williams attached photographs from the collisions along with testimony from depositions taken of McLaurin, Williams, and Birmingham police officer Michelle Pruitt. The City and Williams also asserted that McLaurin was judicially estopped from pursuing his action against the City and Williams because he had failed to disclose the action as an asset during his bankruptcy proceedings.[1]

In his deposition, McLaurin testified that he had seen the patrol car driven by Williams, which had been traveling north on Oporto Madrid Boulevard, when that car had struck another vehicle traveling south on Oporto Madrid Boulevard. He stated that the southbound vehicle had

---

[1]In support of their assertion that McLaurin was judicially estopped from pursing his action because McLaurin allegedly failed to disclose the action as an asset during his bankruptcy proceedings, the City and Williams reference McLaurin's testimony from his deposition. During his deposition, McLaurin indicated that he had not disclosed this lawsuit in his bankruptcy proceedings; however, he also said that his wife had handled several of the aspects of the bankruptcy proceedings. Also, McLaurin's attorney objected to the question on the ground that such information would be within the purview of McLaurin's bankruptcy attorney. No other support for which assets were included in McLaurin's bankruptcy proceedings was attached to the City and Williams's summary-judgment motion.

been stopped in the left-hand turn lane at a red traffic light. McLaurin said that when the traffic light had changed to green, the southbound vehicle had begun to turn left. At that point, Williams, who had been traveling north on Oporto Madrid Boulevard, turned on his police lights without using a siren and traveled through the intersection. According to McLaurin, Williams's patrol car struck the other vehicle. McLaurin testified that after Williams's patrol car had struck the other vehicle, Williams had exited his patrol car and had then collapsed on the street. Williams testified that he had made a U-turn towards the intersection where the cars had collided. McLaurin said that he had seen Williams's patrol car rolling towards Williams's body and that McLaurin had then used his automobile to stop Williams's patrol car from running over Williams.

McLaurin stated that Williams had failed to put his patrol car in park after the collision with the other vehicle and that Williams's patrol car then had begun to roll backwards. McLaurin testified that he had not been thinking about any potential danger to himself when he used his car to stop Williams's patrol car. He stated that he could have avoided damage to himself and his car if he had not helped Williams.

Williams testified that, at the time of the collision, he was employed by the Birmingham Police Department. Williams testified that, after the collision, he had passed out and fallen from his patrol car into the roadway. Williams said that he did not see his patrol car rolling towards him because he was "somewhat unconscious" and "disoriented." Williams did not know the distance between the spot where he fell and where his patrol car was located. He testified that he did not see his patrol car start rolling away from the initial point of collision. Williams testified that he had not been on an emergency call when he had used the lights on his patrol car to go through the intersection. He stated that he had earlier seen men jumping over a fence in an area known for burglaries and that he had been using his lights while going towards that location when he the collision occurred.

Officer Michelle Pruitt testified that McLaurin had stated that when he had used his car to stop Williams's patrol car, Williams's patrol car had been rolling. She also stated that there was no evidence that Williams's patrol car was stopped when McLaurin ran into Williams's patrol car.

McLaurin responded to the summary-judgment motion, arguing that Williams had a duty to operate his patrol car in a safe manner; that the use of police lights without reason and entering an intersection when there was a red traffic light violated police-department policy; that McLaurin's actions in acting to preserve life and safety were a normal reaction and not an intervening act; that McLaurin was not contributorily negligent because he had acted immediately without considering the potential risk to himself or others to aid Williams; and that McLaurin did not assume the risk when he used his car to stop Williams's patrol car because there was no evidence that McLaurin's reaction constituted a voluntary act or that it was based on a decision that he had made with knowledge and appreciation of the risks.

McLaurin further argued that injuring himself in an effort to render assistance to Williams, whose acts McLaurin posited had caused the incident, was reasonably foreseeable under Hillburn v. Shirley, 437 So. 2d 1252 (Ala. Civ. App. 1983). McLaurin also argued that, as a third party to the original collision his actions to rescue Williams were not an intervening and superseding cause of McLaurin's injuries but were a normal response to an emergency created by Williams and did not relieve

7

Williams and the City of liability. McLaurin stated in his response that he had attached a copy of the police report from the incident, his own affidavit, and certain pages of the Birmingham Police Department's rules and regulations. With regard to judicial estoppel, McLaurin asserted that he and his wife were participating in a debt-consolidation plan through the bankruptcy courts as opposed to a debt-liquidation plan.

On August 23, 2023, the trial court entered the following judgment:

"This case involves a motor vehicle accident and a third party's intervention to prevent further injury from that accident. The Plaintiff [McLaurin] sues Defendants [the City and Williams], concerning alleged injuries he sustained while attempting to prevent injuries to City of Birmingham Police Officer Williams. Officer Williams was driving north bound on Oporto Madrid Boulevard when he struck a south bound vehicle which attempted to turn east at an intersection. After the accident, upon exiting his police vehicle, Officer Williams collapsed nearby, and the vehicle began to roll toward him. Seeing Officer Williams lying in peril, [McLaurin] collided his vehicle with the police vehicle in an attempt to stop it from rolling over Officer Williams. [McLaurin] has now sued the City of Birmingham and Officer Williams for damages associated with the injuries he received from the aforementioned collision.

"....

"The threshold issue in this case is whether the City of Birmingham and Officer Williams owed a duty to the [McLaurin]. [McLaurin] has launched a negligence claim against [the City and Williams]. The elements required for recovery under a negligence theory are: (1) duty, (2) breach of

8

duty, (3) proximate cause and (4) damages. <u>John R Cowley & Bros., Inc. v. Brown</u>, 569 So. 2d 375, 379 (Ala. 1990). The Court finds that [the City and Williams] did not owe a duty to [McLaurin]. [The City and Williams] were not the proximate cause of [McLaurin's] injuries; in fact, [McLaurin] caused his own injuries. [McLaurin] exposed himself to the risk of his damages by voluntarily colliding into the police vehicle to prevent further harm to Officer Williams. While such an action is commendable, it does not place a duty upon the [the City and Williams].

Conclusion

"Based on the foregoing, the Court finds that [the City and Williams] did not owe a duty to the [McLaurin] and that the [McLaurin] caused his own injuries. The Court finds that there exists no genuine issue of material fact and [the City and Williams] are therefore entitled to judgment as a matter of law. Accordingly, [the City and Williams's] Motion for Summary Judgment is due to be granted."

On September 22, 2023, McLaurin filed a motion to alter, amend, or vacate the judgment, arguing that the trial court had erred in determining that he had intentionally collided with Williams's patrol car by using his car to stop Williams's car from running over Williams, and reiterating his argument that McLaurin's actions were not an intervening act relieving the City and Williams of liability. McLaurin argued that the issue of any alleged contributory negligence on his part should be for a jury to determine. He also asserted that Williams had been negligent in causing the original collision and in allowing his car to

9

roll away from the collision and that each situation had created an emergency. McLaurin further argued that the trial court erred in concluding that he had assumed the risk and had caused his own injuries because there was a factual question as to whether his actions were made with knowledge and appreciation of the risk of harm. McLaurin posited that his actions in protecting Williams from death or further injury were not an intervening and superseding cause of his own injuries, citing Simmons v. Carwell, 10 So. 3d 576 (Ala. Civ. App. 2008).

McLaurin requested a hearing on his postjudgment motion. The trial court did not hold the requested hearing on the motion, and, on December 21, 2023, McLaurin's postjudgment motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. On January 17, 2024, McLaurin timely filed a notice of appeal.

Discussion

On appeal, McLaurin contends that the trial court erred by allowing his postjudgment motion to be denied by operation of law without conducting a hearing. McLaurin also argues that the trial court erred in entering the summary judgment in favor of the City and Williams because, he says, his actions in aiding Williams were not a superseding

10

cause relieving the defendants of liability. McLaurin argues that he was not contributorily negligent and that he did not assume the risk of his injuries when he acted to rescue Williams. He further argues that the sudden-emergency doctrine and the rescue doctrine establish a legal basis under which Williams's alleged negligence could support McLaurin's monetary recovery for his injuries. We find the first argument dispositive.

This court stated in <u>Isbell v. Rogers Auto Sales</u>, 72 So. 3d 1258, 1260-61 (Ala. Civ. App. 2011), that:

"Rule 59(g), Ala. R. Civ. P., provides:

"'Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), <u>but shall not be ruled upon until the parties have had opportunity to be heard thereon.</u>'

"(Emphasis added.) Describing the effect of the emphasized part of that rule, our supreme court has held that when a party requests a hearing on its postjudgment motion, 'the court must grant the request.' <u>Flagstar Enters., Inc. v. Foster</u>, 779 So. 2d 1220, 1221 (Ala. 2000). However, although a trial court errs when it fails to hold a requested hearing on a Rule 59 postjudgment motion, the supreme court has explained that such error does not always require reversal:

> "'Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.'

"Greene v. Thompson, 554 So. 2d 376, 381 (Ala. 1989)."

See also Ellis v. Duncan, 380 So. 3d 1045, 1047-1048 (Ala. Civ. App. 2023); Rogers v. Rogers, 260 So. 3d 840, 844-45 (Ala. Civ. App. 2018).

In his postjudgment motion, McLaurin argued that the affirmative defenses of assumption of the risk and contributory negligence did not relieve the City and Williams of liability because, he said, McLaurin's actions were not a superseding cause of his injuries. McLaurin argued that he had acted on an emergency basis to save Williams from further injury and that genuine issues of material fact existed rather than pure questions of law to be decided pursuant to the summary-judgment process.

In Hillburn v. Shirley, supra, the plaintiff claimed that another driver's vehicle had negligently darted in front of his tractor-trailer rig, causing collision. The plaintiff injured his back following the collision when he jumped out of his tractor (instead of using the steps on the

12

tractor) to see if the other driver was safe. The circuit court in that case granted the defendant's motion for a summary judgment; our supreme court held that issues relating to the cause of the accident and the issue of whether the truck driver's jumping out of his vehicle immediately following the collision was the natural and normal response flowing from the other driver's alleged negligence presented questions for a jury, precluding a summary judgment.

In Simmons v. Carwell, supra, a plurality of this court held that genuine issues of material fact precluded a summary judgment when the plaintiff had alleged that the defendant had negligently caused his unoccupied vehicle to roll down a driveway, thereby creating a sudden emergency that had prompted the plaintiff to enter the vehicle to try to stop it. In Carwell, the issues were (1) whether the plaintiff's attempt to stop the vehicle was an intervening and superseding cause of the plaintiff's injuries, (2) whether the plaintiff's alleged contributory negligence and assumption of the risk precluded summary judgment, and (3) whether the plaintiff should be considered a rescuer and, if so, whether his actions were rash and reckless or reasonable given the emergency circumstances presented.

13

In the present case, we conclude that there is probable merit to McLaurin's postjudgment motion, and this court cannot resolve the issue adversely to McLaurin as a matter of law. Therefore, the trial court's failure to hold a hearing on McLaurin's postjudgment motion cannot properly be deemed harmless error. We reverse the denial by operation of law of McLaurin's post judgment motion, and we remand that cause to the trial court to conduct a hearing on that motion. We pretermit discussion of the substantive arguments raised by McLaurin.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.